(No. 5779—

GEORGE WEST, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 22, 1976.*

JOHN R. SNIVELY, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; EDWARD L. S. ARKEMA, JR., Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant, George West, has brought this action to recover for personal injuries sustained by him on March 18, 1968, when his left hand was caught in a punch press in the metal shop of the Illinois State Penitentiary at Joliet, Illinois.

In Count One of his complaint, Claimant alleges that Respondent was negligent in failing to use reasonable care in maintaining the punch press, in failing to provide Claimant a reasonably safe place to work, and in failing to adequately instruct Claimant in the operation of the machine. In Count Two Claimant alleges that Respondent violated a statutory duty in failing to comply with certain Provisions of the Health and Safety Act of the State of Illinois, in that Respondent permitted the punch press to operate without safety devices required by the Act.

Claimant was incarcerated in the Joliet correctional facility in 1964. Sometime in 1965 he requested a paying job and was assigned to the metal shop. Shortly thereafter he was assigned to operate the punch press in the shop and had been operating the press daily for about three years prior to the date of the accident.

The punch press was a device for stamping metal into required shapes. It was operated by means of a foot

lever which, in theory, had to be depressed before the punch would descend.

Claimant said that from the time he first started working on the press, he observed that the press would occasionally "double clutch"—that is, it would descend without the foot lever being depressed. He estimated that the press double clutched "maybe every hundred times," although he could not anticipate when it would do so. Claimant stated that he reported the defect to the shop foreman who was a prison guard but that Respondent made no attempt to repair the machine. Claimant attempted to fix the press himself but was not able to do so.

On the day of the accident Claimant was punching metal into garbage can lids using a rubber based die. He said that occasionally when the press would descend bits of metal would stick to the rubber die, and it was necessary for him to remove the metal pieces before the press descended again, or the press would not make the proper imprint. He was in the process of removing metal bits from the rubber die with his left hand when the press "double clutched," descending on the fingers of Claimant's left hand.

The second and third fingers of Claimant's left hand were smashed, and the first phalanx of the first finger and little finger were also injured. The first and part of the second phalanx of Claimant's second finger and almost all of his third finger were amputated. Claimant said that he did not have any feeling in his index finger, and that he underwent additional corrective surgery on the second and third fingers to round off the bones and to insert additional padding under the skin.

Claimant had been an interior decorator prior to his incarceration. Upon his release from prison he resumed

his former occupation, and testified that he was hampered in his work by the loss of use of part of his left hand.

Claimant introduced into evidence the Health and Safety Act of Illinois and the Health and Safety Rules A through J as promulgated by the Industrial Commission of Illinois. Those provisions provide, in substance, that a punch press such as the one on which Claimant was injured must be equipped with specified safety devices designed to insure that an operator's hands do not come within the striking zone of the press.

To recover on his common law cause of action Claimant bears the burden of proving, by a preponderance of the evidence, that Respondent was negligent in maintaining the punch press; that he was free of contributory negligence; and that Respondent's negligence was a proximate cause of his injury.

The record does tend to establish that Respondent permitted the punch press to operate without appropriate safety devices. It is also apparent that Claimant had provided Respondent with actual notice of the tendency of the punch press to periodically malfunction, but that Respondent took no steps to repair the press. From these facts, we conclude that Respondent did not use reasonable care in maintaining the punch press.

We also think that Claimant has sustained his burden of proving his freedom from contributory negligence. Respondent argues that Claimant knew that the punch press had a tendency to malfunction, and that he should have refused to work on the defective machine. However, Claimant, as a prisoner, was not a "free agent." He would have been subject to disciplinary action had he refused to perform his work. A worker in private industry would be able to assert a grievance and

refuse to work on an unsafe machine. An inmate, working under orders to perform an assigned task, cannot be bound by the doctrine of assumption of risk on the same terms as a worker in private industry. The record is uncontradicted that from time to time pieces of metal stuck to the rubber die, and that if Claimant had not picked them off succeeding imprints would have been faulty. Claimant's testimony established that he was operating the machine in a reasonable manner, and we conclude that he was free of contributory negligence.

We further find that Respondent's negligence was a proximate cause of Claimant's injury.

Claimant is hereby awarded the sum of Twelve Thousand Dollars ($12,000).