(No. 5641—

DAVID McGEE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 10, 1977.*

JOHN S. ADLER of ASHER, GREENFIELD, GUBBINS & SEGALL, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This matter comes before the Court as a result of an accident sustained by Claimant, David McGee, while an inmate of the Illinois State Penitentiary of Joliet, Illinois.

On May 12, 1967, Claimant's superiors in said penitentiary assigned him to work in the shoe factory and, in connection with this work, he was directed and required to operate an electrically operated shoe repair machine.

Claimant's Second Amended Complaint alleges, in part, as follows:

"3. That said shoe repair machine was an inherently dangerous instrumentality and that said Respondent knew and by the exercise of reasonable care or diligence could or should have known of the machine's dangerous propensities and that the Claimant could or might suffer injuries therefrom.

4. That the Claimant, when assigned to work with and upon said machine, had no prior technical or other knowledge of the mechanical operation of said machine or of its then mechanical condition.

5. That at the time said Claimant was directed

and required to operate said machine, the Respondent knew or by the exercise of reasonable care or diligence could or should have known that said machine was defective and in poor mechanical condition and that such defect and condition could or might cause serious bodily injury to the Claimant herein.

6. That a grinding or scouring wheel was attached to and was an integral part of said machine which was defective and inherently dangerous by virtue of the use to which it was put and the purpose for which it was designed and used. That the Respondent knew or by the exercise of reasonable care or diligence could or should have known that said grinding or scouring wheel was defective and could or might cause injury to the Claimant herein.

7. That on May 12, 1967, the Claimant was operating said machine under and in accordance with the directions of his superiors of said penitentiary as aforesaid, and while in the course of said operation, parts of said machine, such as the locking device, broke or came loose and fell apart and the grinding or scouring wheel broke, fractured, and disintegrated, causing certain parts or fragments of said machine to strike the Claimant about his head, face, and eyes, as a result of which Claimant suffered serious injuries and the permanent loss of vision in his right eye.

8. That the Respondent committed one or more of the following wrongful, careless or negligent acts or omissions, to-wit:

a. It failed to properly instruct the Claimant as to the mechanical operation of said machine;

b. It failed to inspect and maintain said machine;

c. It failed to repair or replace old, worn-out or defective parts of said machine;

d. It failed to provide the Claimant with a safe place wherein to perform his work;

e. It failed to provide the Claimant with proper safety headdress, clothing or other guards or safety devices so as to avoid being injured in the event of a malfunction of said machine;

f. It failed to properly supervise said machine and the operation thereof;

g. It permitted the Claimant to operate said machine with knowledge that it was defective, worn-out, and in poor operating condition; and

h. It failed to properly warn the Claimant of the machine's dangerous propensities and the defective condition of which said machine existed prior to and at the time of said occurrence."

The facts are undisputed that Claimant was operating a grinding wheel at the speed of 3,500 revolutions per minute, and that while operating said machine, a portion of the wheel came off and struck Claimant in the right eye.

The undisputed testimony of the Claimant is that he was not supplied with either safety goggles or a face shield. There was some evidence introduced to the effect that this should be a mandatory requirement for a machine such as the one involved in this accident.

The machine in question is one in which the grinding wheels are used to sandpaper and smooth shoes. The sandpaper is attached to the wheel and has to be changed several times a day depending upon the use. One of the safety features of the machine is a movable guard. The evidence indicates that if the guard is placed in a "down" position, it adds a safety factor to the operation of said machine.

The Claimant testified that when he started to use the machine, the guard was down, and one of the prison attendants testified that the day after the accident happened, the guard was up which would allow the broken pieces of the wheel to fly in an upward manner and cause the injury.

Claimant indicates that there was a locking device that came loose which caused the accident in question.

Respondent denies liability on the grounds that the Claimant was guilty of contributory negligence in the operation of the machine, and that his contributory negligence was the proximate cause of the accident.

Claimant testified he had used this machine for a period of 60 to 90 days, that he had had very little instruction as to the use of the same, and that he was not a trained mechanic. He also testified he had never seen the manual that was issued by the company to be used by the operators of said machine. He further testified he had been given 15 to 20 minutes instruction relative to the use of this machine.

The duty required of the State in cases of this nature is well set forth in 25 Ill.Ct.Cl. 237, where the following language is used:

The State cannot escape its duty to an individual merely because he or she is an inmate of an institution. This Court has held on numerous occasions that the State must meet the same standards of care and safety as are required of private industry.

The Court calls attention to the fact that an inmate of a State institution is an entirely different situation than an employee on the outside who can quit or refuse to work if conditions are unsafe. An inmate of a State institution, such as a State penitentiary, does not have the liberty of choice and must work under conditions that are assigned to him.

The defenses of assumption of risk and contributory negligence are often properly available to the Respondent in actions brought by a convict, but certainly not under the facts in this case. The rule is well stated in *Moore vs. State,* 21 Ill.Ct.Cl. 282, 290:

Claimant, as a convict, was required to take orders, and carry them out. To refuse to do so would subject him to disciplinary action, and the forfeiture of his limited privileges, including prompt consideration for parole. Thus, he did not occupy a position of independence which a person outside a penitentiary occupies. His choice of action being limited, he, therefore, kept silent and did as he was ordered. In fact, he did not possess, under the circumstances in this case, the freedom of choice inherent in the doctrines of assumed risk and contributory negligence. *Burke vs. State of Illinois,* 27 Ill.Ct.Cl. 379.

This Court has previously held that the standards of the Health and Safety Act that apply to other industries also apply to the State.

It appears to this Court that if either of the two safety regulations, such as a plexi-glass safety shield on the machine or, in the absence of that, safety goggles or a face shield had been provided to Claimant, the accident would never have happened.

Before Claimant can recover, he must prove that his negligence did not contribute to the accident and that the negligence of the State was the proximate cause of the accident.

It is the opinion of this Court that the proximate cause of the injury was the failure of the State to use proper precautions in its supervision of the workers and machinery and also in its failure to provide proper safety equipment to Claimant.

The problem of determining the amount of Claimant's award is one of some difficulty. This has been discussed in other Court of Claims cases, particularly in 28 Ill.Ct.Cl. 238, where the Court stated "that compensation is incapable of exact mathematical calculation."

Considering all the facts and circumstances in this case, we conclude an award for damages to the Claimant in the amount of Fifteen Thousand Dollars ($15,000.00) would be fair and reasonable.

Claimant, David McGee, is hereby awarded damages for his personal injuries in the total sum of Fifteen Thousand Dollars ($15,000.00).