(No. 81-CC-218

DAVID SPEARS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1984.*

DAVID SPEARS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises from personal injuries suffered by Claimant while he was an inmate at the Graham Correctional Center in Hillsboro, Illinois.

At the hearing before Commissioner Robert J. Hillenbrand on July 13, 1982, Claimant testified that on March 10, 1981, he was an inmate at the Graham Correctional Center, and at the time of the accident he was doing cleanup work in the kitchen. His general duty was a pot washer. At about 6:45 p.m., as he finished his duties, the supervisor noticed that the meat slicer had not been cleaned by the cooks. Claimant was ordered by the supervisor to perform this task. Claimant further testified that he was not instructed by the supervisor as to how to clean the meat slicer prior to the time he began the work. The meat slicer was partially disassembled but not entirely, as it should have been.

While Claimant was cleaning the meat slicer, he cut his finger on a sharp blade and he was taken to the hospital where he received medical treatment for his

finger. Claimant had not suffered permanent injury to his finger, but does feel some pain from time to time. Medical expenses were paid by Respondent.

William Wright testified for the Respondent that he was a food supervisor on duty at the time of the incident but was not in the vicinity at the time the Claimant was told to clean the slicer. Therefore he could not testify as to whether the Claimant was instructed as to how to clean the slicer. He did testify that the policy is to show the inmates how to use the equipment and clean it when they are not familiar with it.

The Respondent introduced into evidence the accident report filed by William E. Beard, the food supervisor on duty at the time of the accident. The report stated that Claimant volunteered to clean the meat slicer and that Claimant was warned that the meat slicer was very sharp.

The Respondent also introduced into evidence the internal memorandum of Kenneth McGinnis, warden at Graham Correctional Center. It states that Claimant told food supervisor Beard that he was familiar with the cleaning of the meat slicer.

An examination of Beard's actual statement, however, indicates that while Beard said he warned Claimant that the machine was sharp, Beard never stated that he gave any instructions to the Claimant. Furthermore, the statement does not indicate that the Claimant told the supervisor that he was familiar with the cleaning aspects of the meat slicer.

Claimant has, in the opinion of the Court, proven that he was not instructed as to how to clean the meat slicer. Such omission on the part of the Respondent amounts to negligence.

The Court finds from the evidence that the State through its agents was negligent and that Claimant is entitled to an award.

An award is, therefore, entered in favor of Claimant in the amount of one thousand ($1,000.00) dollars.