(No. 84-CC-1004—)

JIMMIE C. PETERS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 13, 1987.*

JIMMIE C. PETERS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (G. MICHAEL TAYLOR, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This case arises out of a claim by an inmate with the Illinois Department of Corrections who brings suit against the State pursuant to section 8(d) of the Court of Claims Act. (Ill. Rev. Stat., ch. 37, par. 439.8(d).) The Claimant alleges that on January 21, 1983, while an inmate with the Department of Corrections, he was injured in his cell as a result of falling out of bed. He was found lying on the floor of the cell. The Claimant was taken to the health care unit by agents of the Department of Corrections. In the X-ray room of the health care unit, the Claimant was placed on the X-ray table. The facts of what happened next are very much in dispute. The Claimant and his witness claim that agents of the Department of Corrections pulled the Claimant off the table by his leg shackles. They further claim that he was beaten, stomped on, and physically abused.

Agents for the State of Illinois testified that at the

time of the incident the Claimant was very belligerent and struck one of the officers in the back of the head. They claim that this striking was without provocation, and further, they testified that they wrestled the Claimant to the floor and handcuffed him. After doing so, they noticed a cut or injury on the Claimant's toe, which they then reported to the medical technician.

This was all confirmed by the testimony of the X-ray technician. He testified that the Claimant was very hostile when he came in for the X rays, and otherwise his testimony was similar to that of the correctional officers.

The issues in this cause are not complex. The evidence offered by the Claimant and his witnesses is directly contradicted by testimony of two correctional officers and the X-ray technician. The Claimant and his witness differed on when the confrontation started. There were other discrepancies in their testimony. Basically, the testimony of the witnesses for the State was consistent.

Under the circumstances, we believe that the testimony of the correctional officers and the X-ray technician was more believable than that of the Claimant. Therefore, we find that the Claimant has not carried through his burden of proof, and for that reason we deny this claim.