(No. 86-CC-0062—▮▮▮▮▮▮▮▮▮▮▮▮

GEORGE HAMMER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 30, 1987.*

GREGORY H. CLARK, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN R. BUCK-

LEY, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This is a claim by George Hammer, an inmate of the Graham Correctional Institution in Hillsboro, Illinois, for injuries he sustained on May 11, 1984, while performing his duties in the kitchen. On the date of the accident, the Claimant was a cook and had been a cook for six months at Graham. During the early evening of May 11, 1984, the Claimant slipped and fell on an excess amount of water on the kitchen floor and suffered a second-degree burn on his right ankle. According to the testimony, the burn either resulted from the hot water on the floor or from direct contact with a cooking pot.

There is clearly no dispute that the Claimant slipped and fell on water that appeared on the floor of the kitchen and suffered a burn on his ankle as a result of that fall. The question is simply one of liability for the fall and the resultant injury.

The Claimant described in detail the floor plan of the kitchen. He specifically described the center working area where there are large cooking pots, steam

heated (connected by necessary steam pipes), along with fryers and large coffee pots. The center area is surrounded by a drain approximately one foot wide and one foot deep covered by grating. The cooking pots are four feet by three feet in diameter. They are round and do not have lids. The pots are filled with steam and water during the cooking process and are drained by a "clean up detail" by turning a spigot located some six inches from the bottom of the pot from which the water exits directly into the drain. The only other way to drain the pot is to use a crank and turn it upside down. According to the Claimant, when the pot is drained by using either method, water spills over the floor beyond the drain.

On the night of the incident in question, one of the cooking pots had been turned upside down in order to be drained quickly, a normal process according to the Claimant. The resultant greasy water on the floor caused the Claimant to slip and burn his ankle. The State owes a duty to inmates of its penal institutions to provide them with safe conditions under which to perform their assigned work. (*Reddock v. State*, 32 Ill. Ct. Cl. 611; *West v. State*, 31 Ill. Ct. Cl. 340. See also *Spears v. State*, 37 Ill. Ct. Cl. 164; *Burns v. State*, 35 Ill. Ct. Cl. 782.) In the instant case, the Court finds that the State breached its duty to provide such a safe work area. As in other cases, the Court notes that prisoners and inmates ordinarily do not possess the freedom of choice inherent in doctrines of assumed risk and contributory negligence. Furthermore, the record does not contain any evidence of the same. *Reddock v. State*, 32 Ill. Ct. Cl. 611.

On the night of the injury, the Claimant went to the infirmary where the burn was treated with salve and bandage. He was instructed by the nurse not to go back

176

to work. During two subsequent treatments in the prison infirmary, the burn was also bandaged.

Within five weeks of the accident, the Claimant was transferred to East Moline, Illinois, where he began work as a prison painter. Subsequent medical records introduced by the Claimant indicate that he sustained a two-to-three centimeter scar on his right ankle as a result of the burn. Touch, circulation and sensations are all normal and he has a full range of motion. Subjectively, he does continue to complain of pain and sensitivity in the area of the right ankle. It was described as "an injury of irritation."

It is therefore ordered that Claimant be, and hereby is, awarded the sum of sixteen hundred and fifty dollars ($1,650.00).