(No. 87-CC-3908–

PRESTON BALL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 11, 1989.*

PRESTON BALL, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JANICE L. SCHAFFRICK, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

This cause coming on to be heard on the claim filed by Preston Ball, *pro se*, sounding in tort for $2,000 to compensate Claimant for Respondent's gross negligence and violation of established rules of institutional safety. A brief history and recital of the facts follows.

The incident that is the basis of the complaint occurred on February 1, 1987, at approximately 2:15 p.m. in the gymnasium of the Shawnee Correctional Center, at which time and place, the Claimant, as an inmate of the correctional center, was present when the officers in charge of the gym announced that activities were over for all inmates, and a fight ensued. As several inmates proceeded to leave and others were backing up from the exit doors, the fight ensued.

Claimant alleges that he was wrongfully accused of involvement in the fight and he was not present in the gym at the time of the fight. The correctional center increased his original incarceration by an additional 180 days which caused him deprivation of his liberty.

The evidence shows that Claimant was picked out by an eyewitness and pages 1, 2, 4, and 7 of the department report indicate that he had given a statement that he was not in the gym at the time and he also was identified as a black gang member. The Administrative Review Board found that the Claimant *was* involved in the fight.

The conduct and statements made by the Claimant

under oath at the hearing lead us to seriously question his credibility. Further, a specific identification of the Claimant by the inscription on his T-shirt bearing his name was made. We conclude that he has not sustained his burden of proof.

Claimant has been afforded all reasonable opportunity to refute or controvert the charge against him as a participant in the incident, and to present his own qualified witnesses to support his contention that he was not present in the gym at the time involved, and he has failed to do so. Claimant further alleges that he was not afforded an opportunity to confront and examine his accusers. This is contrary to the facts since, as previously indicated, he has been afforded ample opportunity to controvert said identification by producing his own qualified witnesses.

Further, there is nothing on the record of any evidence presented by Claimant as to the basis of his claim of $2,000 and how he computed same.

It is therefore ordered, adjudged and decreed that any award to Claimant is denied.