(No. 88-CC-4412—)

RILEY RUSSELL, III, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 28, 1989.*

*Order on motion for Rehearing filed October 1, 1990.*

RILEY RUSSELL, III, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

The Claimant herein has filed a claim in tort against the State of Illinois seeking $5,000.00 in damages for being denied medical treatment while a resident of the Illinois Department of Corrections at the Pontiac Correctional Center. On February 5, 1988, the Claimant alleges that he experienced severe stomach pains and was denied medical treatment. He claims that he therefore experienced continued pain and suffering. This case was tried before a Commissioner of this Court on December 21, 1988.

After becoming ill on February 5, 1988, the Claimant alleges that he asked a sergeant to take him to the hospital. He claims he was having vomiting and diarrhea. Allegedly the sergeant returned and said that there was no room in the hospital for the Claimant.

The Claimant alleges that he then requested a paramedic, but none was provided. The Claimant further alleges that on the next morning, a paramedic

came by to see him, but told him that he could not get into the hospital for at least 14 days. Mr. Russell claims he went to work on Monday and Tuesday, but states that he was continuing to experience pain. On Tuesday, he claims he asked an officer to request medical attention. The Claimant saw a doctor during the next couple of days and that he suspected kidney trouble and took a blood test. The Claimant alleges that the blood test results were never revealed to him.

Basically, the Claimant seeks $5,000.00 because he is afraid that if he is ever sick again, he will not receive adequate medical attention in the future. The Department of Corrections filed a Departmental Report indicating the Claimant did not continue to complain of pain and suffering after the first occurrence. The Department of Corrections claims that the Claimant worked all the time, made no further complaints, and did not show any further signs of disability. The Department of Corrections records show that the Claimant was indeed seen by a physician on February 15, 1988, and was found to have diarrhea with a stomach pain and cold. Medication was ordered for the Claimant.

After February 15, 1988, the Claimant had five further medical appointments. None of the complaints at those appointments were in any way related to the stomach illness complained of in the claim. The Claimant's medical records do indicate some incidents of diarrhea prior to February 1988, but show no temporary or permanent disability as a result of the alleged failure to treat diarrhea on this occasion.

The State does owe a duty to prison inmates to provide reasonable medical care. (*DeWeese v. State* (1973), 28 Ill. Ct. Cl. 230; *Williams v. State* (1978), 32 Ill.

Ct. Cl. 463.) However, the Claimant has not shown that the State failed to provide reasonable medical care for him. Assuming that the Claimant was indeed ill on February 5, 1988, with stomach pain and diarrhea, he presented no expert testimony concerning the need for hospitalization or medication of that condition, the standard of care required of a physician treating a condition, or whether any failure to take appropriate steps was the proximate cause of any injuries. Indeed, the Claimant has alleged no permanent injuries. For all of these reasons, the Claimant has failed to meet his burden of proof. See *Stanley v. Board of Trustees* (1986), 39 Ill. Ct. Cl. 107; *O'Donnell v. State* (1980), 34 Ill. Ct. Cl. 12; *Porter v. State* (1965), 25 Ill. Ct. Cl. 62.

The Claimant testified that he was seeking $5,000.00 because he was scared he might get sick again and not be treated in the proper manner. The general rule in Illinois is that the party seeking damages has the burden of establishing both the fact that he has been injured and a reasonable basis for determining the money value of those injuries. As we previously stated, the Claimant has not met his burden of proof as to the fact that he has been injured, and his proof of damages is clearly inadequate. *In Re Application of Lopez* (1987), 39 Ill. Ct. Cl. 315.

For all the foregoing reasons, we hereby deny this claim.

## ORDER ON MOTION FOR REHEARING

PATCHETT, J.

This cause comes on for hearing upon the Motion for Rehearing filed Pro se. The Court has reviewed the "History of Complaint" filed by the Claimant on April 23, 1990. The Court feels that the Claimant has not stated

or provided any information which would cause the Court to reconsider the previously entered Order denying this claim. Therefore, Motion for Rehearing is hereby denied.