(No. 90-CC-0277—

CEDRIC D. SIMMONS, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed August 8, 1991.*

CEDRIC D. SIMMONS, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (FRANK HESS,
Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

Claimant, an inmate with the Illinois Department of
Corrections, seeks damages from Respondent, State of
Illinois. Claimant alleges a loss of $420,250.00 on the
basis of allegations that employees of the Respondent
seriously injured Claimant by choking him, violently
slamming him to the walls and doors, striking him and
generally physically abusing him, all of which is alleged
to have occurred in the segregation unit at "Hill"
Correctional Center on May 23, 1989.

Claimant testified that on May 23, 1989, at approx-
imately 9:30 p.m., Respondent's officers came to his
room. The purpose for their presence was to prepare
Claimant for transfer to Menard on the following day
(May 24, 1989). Claimant engaged in a dispute with one
of the Respondent's officers concerning the complete-
ness of the property inventory that had been prepared at
the time his property was packed. Claimant accused the

officer of harassing him. Claimant was unable to resolve the dispute concerning the completeness of his personal property inventory with a lieutenant and refused to sign the inventory slip. Claimant was handcuffed and taken to examine his property which was removed from boxes in his presence. Claimant was concerned that Respondent's agents would write him "bogus tickets." Claimant contends that as he was reaching for a pencil to sign the personal property slip, the officer jabbed him in the index finger with a pen and began "proceeding dragging (Claimant) backwards * * * to (Claimant's) cell." Other officers got involved and started pushing Claimant around and slamming him into the walls and he was beaten by one officer while being restrained by another. Claimant advised other officers of the incident. Claimant complained to medical personnel that he "was hurting." Claimant claims that he sustained injuries to his wrist and that, although needing stitches, he received none and was not hospitalized. Claimant was transferred to Menard the following day and received no medical attention at Menard. Claimant contends that the left side of his jaw was fractured. However, when examined by a doctor he was advised that there was no evidence of his jaw being fractured or broken. Claimant believes his jaw was broken because it hurts at times, and his ribs hurt. Claimant received no treatment for his ribs or his lower back, but contends that he complained to physicians about his ribs and lower back. X rays were taken of his back and revealed nothing. Claimant was told by Dr. Khan at Menard he was to take Tylenol and he would be all right.

Claimant contended that the conditions he was suffering were caused by the actions of the State and consisted of the left side of his jaw hurting as well as the lower left side of his pelvis and left ribs. The Claimant

demonstrated an area on his left side that he contended was scarring from the injuries he received in the incident. It did not appear to be a "scar." Claimant was X-rayed on multiple occasions due to complaints he related to be from the incident and on each occasion was advised by physicians that nothing could be found.

Claimant admitted that his version of the incident is substantially different than the versions given by the officers. At hearings before the adjustment committee, Claimant was found guilty by the institutional review boards. Claimant admitted to having been in other fights while he was in prison. Claimant testified that his speech was no different now than before he claimed to have sustained the injury to his jaw. Claimant admitted that he was mad at the officers before and at the time of the incident and contended that the officers mistreated Claimant as a result of a personal grudge from prior incidents.

Incident reports dated May 23, 1989, by officers involved in the incident were submitted in the departmental reports filed under section 790.140 of the Court of Claims Regulations. The contents of those incident reports strongly dispute the contentions of the Claimant with respect to the events from which Claimant alleges he sustained injuries.

Respondent was not guilty of negligence or the excessive use of force against Claimant. Claimant became unruly and physically abusive toward the officers when engaged in a dispute concerning the personal property inventory that had been prepared in connection with his contemplated move to Menard Correctional Center. Respondent's agents used such force and compulsion as was reasonably necessary to

restrain Claimant and to protect officers and Claimant from additional, further, or more serious injuries.

Wherefore it is ordered that this claim is denied.