(No. 86-CC-0871-)

IVAN BRANCH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 31, 1992.*

SHELDON HODES, for Claimant.

ROLAND W. BURRIS, Attorney General (JANICE SCHAFFRICK, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This is a complaint sounding in tort and filed by Claimant, Ivan Branch, on October 31, 1985, a prisoner of the Illinois Department of Corrections incarcerated at the Pontiac Correctional Center. He seeks damages for injuries he received on November 24, 1984, while working in the officers' kitchen at Pontiac. The cause was tried by Commissioner Kane who has duly filed his report.

### The Facts

On November 24, 1984, the Claimant was an inmate at the Pontiac Correctional Center. Mr. Branch had a job within the institution which required him to work in the officers' kitchen. Included in his responsibilities were clean-up duties.

On the aforesaid date, the Claimant was told by the officer in charge of the officers' kitchen to clean the ceiling of the kitchen so that paint could be applied to the ceiling. The Claimant told the officer that he did not want to clean the kitchen ceiling, but Claimant was informed that he would probably get a disciplinary ticket if he did not do what he was told. He was also told that he would jeopardize his job within the institution if he failed to follow orders. The Claimant testified that he then requested a ladder. The State's witness could not dispute that statement.

There is no dispute that the ceiling in certain locations of that kitchen could not be reached by standing on the chair that was provided to the Claimant. While washing an area of the ceiling over the serving line, the Claimant stood on metal shelving which had butcher paper placed over it to protect it from the paint which would

eventually be applied. While Claimant was on this paper, he slipped and fell, landing on his head and chest, and was temporarily knocked out. Claimant was hospitalized at St. James Hospital in Pontiac and eventually went back to the infirmary at the prison. He was later placed on lay-in where Claimant was temporarily assigned to his cell for rest. Claimant had pain, suffered from dizziness, and he complained of back problems and blackouts since the November 24 incident. Claimant had difficulty walking and used a cane for two months. Claimant testified as to an incident in January of 1985 where he fell and broke his jaw, but the evidence is too speculative to relate to the November fall without some expert testimony showing a causal connection.

### The Law

The State owes a duty to inmates of its penal institutions to provide them with safe working conditions under which to perform their assigned work. *Hammer v. State* (1987), 40 Ill. Ct. Cl. 173; *Reddock v. State* (1978), 32 Ill. Ct. Cl. 611.

The State has a duty to provide inmates with proper safety equipment to complete assigned tasks. (*McGee v. State* (1977), 31 Ill. Ct. Cl. 326; *Tucker v. State* (1989), 42 Ill. Ct. Cl. 72.) In the present case, the absence of a ladder qualifies as a failure to provide proper equipment to perform an assigned task. Standing on a serving area in a kitchen which has been covered by waxed paper is not the safe method by which a person should attempt to clean ceilings. In the instant case, the Court finds that the State breached its duty to provide a safe work area with proper equipment for Claimant.

As we have done in many other cases, the Court

notes that prisoners and inmates ordinarily do not possess the freedom of choice inherent in doctrines of assumed risk and contributory negligence and the record herein contains no evidence of assumption of risk or contributory negligence. (*White v. State* (1989), 41 Ill. Ct. Cl. 166.) There was also no comparative negligence proven. *Douglas v. State* (1989), 41 Ill. Ct. Cl. 29.

Claimant had pain and suffering due to the State's negligence. Some back pain persists. The Claimant was hospitalized for the head and back injuries. He was rendered unconscious by the initial fall. The Court finds that Claimant was damaged in the amount of $3,500 due to the State's negligence.

It is therefore ordered that Claimant is hereby awarded $3,500 as his damages.