(No. 86-CC-0028–)

ALONZO JONES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 17, 1993.*

JAMES P. CHAPMAN & ASSOCIATES, for Claimant.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

OPINION

PATCHETT, J.

This cause comes before the Court upon a claim brought by Alonzo Jones, a 51-year-old inmate at the Stateville Correctional Facility. The Claimant suffered severe injuries to his left hand on July 31, 1986, while operating a table-saw pursuant to his job responsibilities within the institution. Claimant contends the State failed to inspect and maintain the table-saw involved, even though it had notice of its dangerous condition, and further, that the State failed to provide proper training to the inmates who operate the saw.

The Claimant had been incarcerated since he was 25 years old. During the time of this incarceration, he had obtained a GED, taken a number of junior college courses dealing with technical subjects, and ended up with one of the small number of jobs available at the Stateville institution. At the time of his injuries, he was responsible for maintaining Building X, a job to which he had been assigned for a period of 1½ years.

At the time of the hearing, the Claimant had his own room immediately beneath the Stateville general store, and his function included maintaining freezers and coolers which stored food items. Testimony established that he was permitted much greater freedom within the institution than other inmates because of his job responsibilities.

On the date of the incident, the Claimant was constructing new legs for a wooden desk. He had reported to

the carpentry foreman, correctional employee Paul Bredesen. Mr. Bredesen and the Claimant discussed the Claimant's plans to construct the legs. Mr. Bredesen then provided a number of dado blades to the Claimant. Dado blades are designed to cut grooves into wood at varying depths. When a closed-end groove is being created by these blades, the shield that normally protects the operator's hands cannot be used because the hands are on the wood. The wood is stabilized during its movement over the dado blade by what is called a rip fence. The rip fence on the saw involved had a lever to lock it into place and also an adjustment screw. The Claimant testified that he was unaware of the adjustment screw.

Prior to the incident, the Claimant had extensive experience with table-saws beginning with classes he took in high school. This experience continued in cabinet and construction work prior to the time he was incarcerated. The Claimant had used this particular saw hundreds of times and had made numerous dado cuts. On each occasion, he testified that he used the same technique which he employed on the date of the injury. Further, all the other personnel in the prison shop, including State employees, used the same method.

On the date in question, the Claimant had made 11 prior passes using the blade, and on the last pass the wood moved, causing his hand to be dragged across the blade. This resulted in extremely serious injuries to the Claimant's left hand.

The State owes a duty to inmates of its penal institutions to provide them with safe working conditions under which to perform their assigned work. (*Hammer v. State* (1987), 40 Ill. Ct. Cl. 173.) Further, the State has a duty to provide inmates with proper safety equipment to complete

their assigned tasks. (*Tucker v. State* (1989), 42 Ill. Ct. Cl. 72.) We feel that the State did not meet its duty with regard to the Claimant in this situation.

First of all, the inherent nature of the equipment rendered it extremely dangerous to any individual. Secondly, the rip fence on this saw required the adjustment of a screw to insure its stability. Repeated use of the saw would loosen the rip fence. The State's failure to monitor the rip fence on a more regular schedule can be characterized as a contributing factor to this accident. It was only after the accident that an employee of the State commented to the Claimant about the need to use the adjustment screw.

It is the opinion of this Court that the State failed to provide the Claimant with safe working conditions and safe equipment, and failed to sufficiently instruct him in the proper operation of the woodworking equipment in question. This Court has consistently held that under such situations, there is liability on behalf of the State to the inmate who was injured. *McGee v. State* (1977), 31 Ill. Ct. Cl. 326; *Moore v. State* (1951), 21 Ill. Ct. Cl. 282; *White v. State* (1987), 39 Ill. Ct. Cl. 175; *Burns v. State* (1982), 35 Ill. Ct. Cl. 782; *Hughes v. State* (1984), 37 Ill. Ct. Cl. 251.

For the reasons stated, we award this Claimant the sum of $50,000.