(No. 91-CC-1014

TIMOTHY HALL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 29, 1994.*

TIMOTHY HALL, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (KATHY TWINE and DIANN MARSALEK, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

The Claimant is an inmate with the Illinois Department of Corrections. He seeks damages from the Department of Corrections as a result of injuries sustained when correctional officers struck him in the face. At a hearing before a commissioner of this court, the Claimant testified that he was a member of the Black Disciples. He was incarcerated following a murder conviction.

Mr. Hall testified that on August 13, 1990, he was the subject of an adjustment committee hearing regarding a ticket he had received for a previous incident. The previous incident consisted of a threat and intimidation against Corrections Officer McGee. Mr. Hall testified that Officer Sandige had appeared and testified at the hearing. Mr. Hall was found guilty and sentenced to 60 days in the segregation unit as a result of this committee hearing.

Following the hearing, Mr. Hall approached Officer Sandige. Hall pointed his finger at Sandige and questioned why the officer had testified in that matter. Hall testified that he said, "What the fuck you doing, what's up with you?" Hall admitted that he acted in the heat of the moment. He further testified that he intended to get back at Officer Sandige.

Hall testified that Officer Sandige then struck him in the mouth with a radio. This resulted in Mr. Hall's loss of

three teeth. A fight ensued during which Mr. Hall also kicked and hit Officer Sandige in the face and body. After this fight ended, two more fights broke out, and several of the inmates were involved. When Mr. Hall was later returned to his cell, he discovered that his mouth was cut and required stitches.

As a result of the incident on August 13, 1990, Mr. Hall was brought before the adjustment committee for yet another hearing. He was found guilty and sentenced to one year in segregation, one year loss of good time, and reduction in grade.

Mr. Hall testified that he was acting in self defense and alleges that Officer Sandige used excessive force.

Respondent called Officer Brian Givens, who had witnessed the incident. Officer Givens testified that Mr. Hall was angry following the adjustment committee hearing on August 13, 1990. He testified that Mr. Hall said, "I am fucking everybody up and I am starting with you." After saying this, he began pushing Officer Sandige in the face.

According to Officer Givens, Sandige then used his right fist to strike Mr. Hall in the mouth. Givens denied that Sandige used the radio to strike Mr. Hall.

Other inmates and members of the Black Disciples became involved in the fight. The inmates grabbed Officer Sandige and began kicking and beating him. Officer Givens testified that Sandige suffered a bruised kidney and lung, in addition to back and leg injuries. Officer Sandige was on disability for two months following the incident. He ultimately left his employment as a prison officer.

Sergeant Jordan was also called to testify. Jordan testified that he was a correctional sergeant on duty at the time of the incident. Jordan was alerted by inmates running

toward the door. He then observed Officer Sandige "folded up" in the corner and being kicked and hit by several inmates. Jordan and his supervisor were able to stop the fighting, but after a few minutes, the fighting began again. Sandige was grabbed, dragged underneath the tower, and inmates piled on top of him and began beating him. The inmates were using weight belts and sticks as weapons. The fighting was halted a second time, but shortly after that, the fighting began a third time. The captain then gassed the unit with mace.

This Court has held that where a prison officer is faced with an inmate disturbance, he is afforded a wide range of discretion. The Court will consider the total circumstances in determining whether the officer's conduct can constitute negligence. *Hamilton v. State* (1987), 40 Ill. Ct. Cl. 191, 195.

The Court has also held that where an inmate becomes unruly and physically abusive towards officers, the officers may use such force as is reasonably necessary to restrain the inmate. *Simmons v. State* (1991), 44 Ill. Ct. Cl. 304.

We find that the officer did not exceed the limits of his discretion or abuse his discretion. The officer's actions were reasonable and necessary when viewed within the context of this situation. We hereby deny this claim.