(No. 81-CC-1930–

RICHARD TOTH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 19, 1995.*
*Order on petition for rehearing filed July 17, 1995.*

RICHARD TOTH, *pro se*, for Claimant.

JIM RYAN, Attorney General (JOHN MCPHEE, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This claim was filed as a result of a fall involving Mr.

Toth. Mr. Toth was an inmate at the Menard Correctional Center. On June 17, 1980, he was assigned to wash windows at the south cellblock. Mr. Toth was issued a safety belt.

Mr. Toth testified that the safety belt was worn and cracked. After he began using the safety belt to wash the windows, it broke and he fell. At the hearing of this case, no one appeared on behalf of the State. The Respondent contacted the Commissioner of this Court at 4:00 p.m. on the day before the hearing and indicated that he did not have sufficient time to prepare for the hearing. The Commissioner never received a copy of the purported motion. The motion to continue was denied, and the assistant attorney general was informed that the hearing would proceed. It should be noted for the record that this hearing was scheduled for April 1, 1994, involving an incident which occurred on June 17, 1980, and a claim which was filed on March 3, 1981.

Mr. Toth was the only witness who testified in person. His testimony established, without contradiction, that the safety belt issued to him broke, causing him to fall 30 to 40 feet. He indicated that the belt was hanging in two pieces still attached to the bars after he fell. The Claimant did not pay for any of his medical expenses. He is seeking compensation for pain and suffering. He wore a back brace for over a year after the incident and a body cast for a couple of months after the incident.

The evidence established that Mr. Toth received a fracture of the third lumbar vertebra, the lateral cortex of the tarsal bone on his left foot, and the first metatarsal on his right foot as a result of the fall. He was treated at Memorial Hospital in Chester and was released on June 23, 1980.

The Respondent owes a duty to inmates of its penal institutions to provide them with safe working conditions to perform their assigned work. The State further has a duty to provide inmates with proper safety equipment to complete their assigned duties. *Jones v. State* (1993), 45 Ill. Ct. Cl. 90; *Branch v. State* (1993), 45 Ill. Ct. Cl. 102.

The record before us clearly establishes that the State was negligent because it failed to provide Mr. Toth with either safe working conditions or safe equipment. Therefore, we find liability.

Mr. Toth testified as to his continued pain and suffering. It is extremely difficult for this Court to assign an adequate award based on the record before us. However, since the testimony of Mr. Toth as to his pain and suffering and the restrictions on his activities he has encountered since the accident is uncontradicted, we will issue an award. We award Mr. Toth the sum of $30,000 as compensation for his injuries.

## ORDER

PATCHETT, J.

The Respondent has filed a petition for rehearing. The assistant attorney general has included many interesting facts which would have been relevant if they had been presented at the hearing.

This case was filed in 1981. It was set for hearing on April 1, 1994. On March 31, 1994, at approximately 4:00 p.m., the assistant attorney general contacted the Commissioner and indicated that he had filed a motion to continue the hearing because he was recently assigned the case and did not have sufficient time to prepare for the hearing. The Commissioner had not received a copy of the motion to continue. The Commissioner denied the

Respondent's request to continue the hearing and informed the assistant attorney general that the hearing would proceed. The assistant attorney general did not appear for the hearing. Therefore, all of the facts listed in the petition for rehearing were not before this Court in a timely manner. The petition for rehearing is denied.