411

(No. 93-CC-2848–)

DONALD ANDERSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 1, 1995.*

MARK E. WOHLBERG, for Claimant.

JIM RYAN, Attorney General (JOEL CABRERA, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

This cause arises from an incident on June 17, 1991, at approximately 8:00 p.m. at the Vienna Correctional Center. Claimant, an inmate at the time, was working in the ethanol plant as a still operator when a pipe burst. Claimant received first and second degree burns on several areas of his head, left eye and left arm. Claimant asserts that Respondent was negligent in the maintenance of the ethanol still, failed to make necessary repairs after notice of a defective or unsafe condition, failed to inspect the work area and failed to warn Claimant of the unsafe condition of the pipe and work area. Claimant seeks $25,000 in damages for his injuries, lost time, pain and suffering, and permanent disfigurement.

Claimant testified that he had worked in the ethanol plant as a still operator on the 3:00 p.m. to 11:00 p.m. shift for approximately eight months prior to his injury on June 17, 1991. Claimant advised his supervisor that the still was running "kind of hot" approximately one to one and one-half hours before the pipe broke. Claimant was instructed to follow routine procedures involving adjustment of valves to attempt to lower the temperature of the still. Claimant stated a maintenance man was summoned, but he was also unable to rectify the overheating. When the temperature had failed to lessen within an "hour or so," Claimant was told to shut down the still by his supervisor, Ralph Childers. As Claimant attempted to shut down the still, a pipe carrying hot liquid burst and sprayed the left side of his face, head and left arm. Claimant was taken to the medical unit for treatment.

Claimant testified that no routine maintenance was performed on the still during his tenure at the ethanol plant. He stated that repairs were made on an as-needed basis by inmate repairmen. Claimant further stated that the pipe in question had leaked about two weeks prior to the incident. He stated that leaks were common and repairs made in a "makeshift" manner. However, Claimant admitted that he was not an expert as to plumbing matters.

Claimant stated he was in severe pain from the burns for two to three weeks following his injury. He also suffered constant itching of the affected areas for several months and blurred vision in his left eye. Claimant presently complains of continued itching four to five times per month, a discoloration of the skin on his shoulder and occasional blurred vision in his left eye. Claimant sought no further medical treatment for his injuries after he was allowed to return to work in September, 1991. No medical evidence was introduced as to Claimant's condition

and prognosis following his release from prison in December, 1991.

Claimant seeks recovery of $135 as lost time. No evidence was admitted to support the claim as to dates of the lost time and compensation. Medical records indicate Claimant was injured again on September 11, 1991, while lifting a bucket in the ethanol plant. He apparently returned to work on or before September 11, 1991.

Claimant introduced no evidence of proper maintenance standards applicable to an ethanol still operation. No witnesses to the incident testified or submitted statements to corroborate Claimant's assertions of negligence and Respondent's notice thereof. No evidence was presented as to previous incidents of injury from similar circumstances at the ethanol plant.

Randall McClellan, farm supervisor at Vienna for the last ten years, testified on behalf of Respondent. Mr. McClellan was in charge of the supervisors who ran the ethanol plant and major maintenance therein. Mr. McClellan is on premises from 8:00 a.m. to 4:00 p.m. The ethanol plant is a 24-hour, three-shift operation with State employee supervisory staff and inmate employees. Mr. McClellan stated that the Department of Corrections has institutional directives which mandate daily checks of equipment. Maintenance routine cards are kept in a daily log and initialed by a supervisor on duty during the 7:00 a.m. to 3:00 p.m. shift. The maintenance cards for the date in question were produced and indicated inspection had been made. No records of actual repairs were introduced. Mr. McClellan testified that records of routine or minor repairs are not generally kept. Mr. McClellan testified he has knowledge of Claimant's injury and subsequent repair of the pipe in question. Claimant also stated the pipe was repaired after his accident.

Unfortunately, Mr. W. H. Taylor, the supervisor who made the inspection of the equipment on the day of the incident, is deceased. No incident or repair reports from the day in question were presented. Mr. Ralph Childers, the supervisor on duty at the time Claimant was injured did not testify nor were any statements or reports made by Childers presented.

Mr. McClellan described the workings of the ethanol still in some detail. He explained that relatively low pressures of two to three pounds are normal in the distillation procedure and that internal temperature of the liquid mash does not exceed 220°. Although the liquid could certainly cause burns to exposed skin, McClellan explained that Claimant's contentions that the pipe exploded due to excess pressure and temperatures well in excess of 220° were not possible. He further stated that he would have been routinely notified of any obvious defect in the machinery requiring the plant to be shut down. McClellan received no such notice on the day in question.

Claimant contends that his injuries resulted from the negligence of the Respondent. Such contention must be proven by Claimant by a preponderance of the evidence and that Respondent has actual or constructive notice of the dangerous condition which caused the injury. *Secor v. State* (1991), 44 Ill. Ct. Cl. 215.

Claimant argues that the State owes a duty to provide an inmate with safe working conditions and proper safety equipment, citing *Branch v. State* (1994), 45 Ill. Ct. Cl. 102, wherein the Claimant, an inmate of a penal institution, was ordered to clean the ceiling of the kitchen and had requested a ladder to enable him to do so. However, his request for the ladder was refused and he was directed to stand on a chair which was piled with paper.

Whereupon, he stood on the chair, slipped and fell which caused his injury. This Court held that the State breached its duty to provide a safe work area and proper equipment for Claimant. These facts are directly contrary to the case at bar. There was no evidence submitted that the Respondent did not provide Claimant with a safe work area and proper conditions. Claimant's own testimony which was often conflicted, self-serving and uncorroborated, indicated that in his opinion, the procedure for shutting down the still was safe. The evidence indicates that routine procedures were followed to safely lower the temperature of the still. No evidence beyond Claimant's speculation was provided as to the cause of the broken pipe.

The Claimant testified that he believed the still was dangerous, yet he worked on it and exposed himself to danger for eight months. Such action on his part is not an exercise of reasonable care on the part of the Claimant. *Albers v. Continental Co.* (1955), 220 F.2d 847.

Claimant contends that an inmate of a penal institution is not ordinarily free to refuse to perform a task even if he considers his working conditions unsafe, citing *Reddock v. State* (1978), 32 Ill. Ct. Cl. 611, which is inapplicable to the case at bar. Claimant Anderson was regularly employed in the "still" area involved for eight months and there were no accidents that occurred during that period until the accident involved herein. Based on this record, this area could not be classified as a hazardous area. Additionally, Claimant's assertion is defeated by his own testimony wherein he returned to work at the still sometime in September 1991 and complained to the supervisor that it was unsafe. He was reassigned by the supervisor to another area in the ethanol plant.

Further, this Claimant has not shown any evidence that Respondent did not exercise reasonable care in

maintaining the "still" or the pipe that connected the "still" to the electrical pump. To the contrary, evidence submitted by Respondent indicates that routine maintenance checks were being made every day and that such a maintenance check was made on June 17, 1991, just prior to the pipe burst involved in this cause. No obvious defects were found.

In addition to Claimant not meeting his burden of proof as to the negligence of Respondent being the cause of his injury, if such negligence were present and proven, Respondent, to be held liable, must have had notice of the defect. (*Rosario v. State* (1992), 43 Ill. Ct. Cl. 283.) The evidence indicates that steps were taken to lower the temperature of the still in a routine manner upon Claimant's notice to his supervisor. Claimant did not notice leaks in the burst pipe or other defects in the pipe on the day in question.

We hereby find Claimant has failed to meet his burden of proof and this claim is hereby denied.