(No. 92-CC-2239-▮▮▮)

ENRICO LEVY, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Opinion filed October 15, 1998.*

ENRICO LEVY, *pro se.*

JIM RYAN, Attorney General (PAUL CIASTKO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant, Enrico Levy, a prisoner with the Illinois Department of Corrections, filed his original complaint on February 24, 1992. In that complaint, Claimant sought $3,200 for lost property due to Respondent's agents negligence and for his emotional distress. The complaint cites an original claim number of 90-CC-0855. Claimant filed an amended complaint on March 17, 1992, seeking $100,000 in damages for being negligently shot by Correctional Officer Adams. The case was tried before one of

the Court's Commissioners. At trial, the property damage claim was dropped under this case number.

## The Facts

Claimant, Enrico Levy, testified that on May 11, 1991, when he was an inmate at Pontiac Correctional Center, three other prisoners attacked him in his cell number 322, West House. Claimant called to the guards for help and was shot by one of them. At the trial, Claimant testified that three men came to his cell and tried to jump on him. One of the men had a knife. Claimant tried to resist and get out of his cell. Claimant stated that one of the female guards, Kathy Simmons, fired warning shots at the men and then another guard came running and shot Claimant in the hip. Officer Michael Adams testified for Respondent that Guard Simmons fired no shots, and that he made repeated verbal commands for Claimant to drop a shank. Officer Adams then fired two shots when Claimant was holding a homemade knife and was stabbing at another prisoner. The second shot hit Claimant in the hip and Claimant was subsequently taken to a hospital. The Claimant was convicted in criminal Court of possession of a weapon based on his possession of the shank. The file contains various transcripts of sworn testimony by several guards and prisoners from Claimant's criminal trial which basically support the fact that Claimant was stabbing another prisoner when he was shot by the prison guard. The file also contains an order from the Appellate Court of Illinois, Fourth District, affirming the trial Court's judgment.

At the beginning of the hearing, Claimant stated he thought the hearing was to be about the property claim. However, he did not have a copy of the complaint and there was no evidence or testimony about his property. The Court file shows two separate one-page complaints, both filed February 24, 1992, and both with the same

case number, 92-CC-2239, and no other documentation. Claimant filed a motion for summary judgment on April 15, 1993, with a bill of particulars attached which lists various property items covering the years 1988 to 1991 which appear to total $548; however, no evidence or explanation can be found. The Claimant's motion for summary judgment was denied by the Court on August 9, 1994, due to lack of an affidavit and the fact that material issues of fact remained.

## The Law

To prevail, Claimant must prove by a preponderance of the evidence that the prison guard intentionally injured Claimant without adequate provocation. *Peters v. State* (1987), 40 Ill. Ct. Cl. 99; *Ball v. State* (1989), 42 Ill. Ct. Cl. 247; and *Jones v. State* (1994), 46 Ill. Ct. Cl. 324.

With regard to the use of force causing personal injury, this Court in *Robinson v. State* (1994), 47 Ill. Ct. Cl. 364, 369, stated that:

"The State of Illinois owes a duty to prison inmates to provide them with a safe place to live. *Holt v. State* (1990), 43 Ill. Ct. Cl. 195. The State also owes prison inmates the duty to provide them reasonable medical care. *Russell v. State* (1990), 43 Ill. Ct. Cl. 295. The Court will only impose liability upon the State for the criminal acts of third parties where the State's agent participated in the alleged act or where the State's agent anticipated or should have anticipated the criminal attack. *Daugherty v. State* (1991), 43 Ill. Ct. Cl. 317. This Court has also held that correctional officers may use such force as is reasonably necessary to restrain an inmate to protect all parties from injury. The Claimant has the burden of proving the State's agents were negligent or used excessive force to prevail. *Simmons v. State* (1991), 44 Ill. Ct. Cl. 304."

The testimony at the hearing, the investigations, and criminal trial clearly show that the shots were fired by the prison guard only after Claimant failed to drop the shank after numerous verbal warnings. The Claimant has failed to prove that the Respondent has breached any duty to the Claimant with regard to his being shot or the loss of property.

After carefully reviewing the testimony, we find the testimony of Officer Michael Adams to be more credible than the testimony of Claimant. Claimant has failed to meet his burden of proof.

For the foregoing reasons, it is the order of the Court that Claimant's claim be, and hereby is, denied.