(No. 76-CC-0808—

WARREN D. REDDOCK, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1978.*

WILLIAM C. WASHBURN, JR., Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; RICHARD GROSSMAN and JAMES STOLA, , Assistant Attorneys General, for Respondent.

POLOS, C.J.

Claimant, Warren D. Reddock, has brought this action to recover for injuries he suffered while an inmate at the Stateville Correctional Center at Joliet, Illinois. Reddock was injured while using a metal grinding machine in the Stateville Machine Shop, and he contends that the State of Illinois was negligent in failing to provide him a machine on which to work.

Prior to his incarceration at Stateville, Claimant was a licensed master plumber. As an inmate at Stateville, he was assigned to plumbing and other maintenance work.

On December 23, 1974, Claimant was assigned to work in the machine shop grinding parts for the installation of laboratories.

The machine Claimant used was an electric power wheel grinder, designed for heavy work and grinding all types of metal. The grinding wheel was originally 18 to 20 inches in diameter, but had been reduced in size over a period of time through constant use.

The grinder was equipped with a wheel guard, which was a small shelf-like appurtenance used to rest the object being ground, and to prevent objects from being pulled into the machine. The protective guard was adjustable, and was placed inward to close the gap between the grinding wheel and the guard as the grinding wheel was reduced in size.

On December 23, 1974, while using the grinder, Claimant's right index finger became jammed between the metal guard and the wheel while he was grinding a piece of three inch pipe nipple. The guard had been adjusted to its maximum inward position, but because the wheel had been reduced in size through use, a one and a half to two inch gap was left between the wheel

and the guard. Claimant testified that on several occasions prior to his injury he had requested that the wheel be replaced. However, on each such occasion he was told that there were no wheels in stock, and that none could be purchased because the prison budget was completely expended.

Claimant was instructed by one Joseph Stalzer, the machine shop foreman, to continue to use the grinding machine. Claimant said that while other grinding machines were in the machine shop, he was specifically instructed by his supervisors not to use any other machine.

This Court has held that the State of Illinois owes a duty to inmates of its penal institutions to provide them with safe conditions under which to perform their assigned work. In order to recover in this action, Claimant bears the burden of proving, by preponderance of the evidence, that the State breached its duty of care, that he was free of contributory negligence, and that the negligence of the State of Illinois was the proximate cause of his injury. *Morris v. State, 23 Ill.Ct.Cl. 91; Hoskins v. State, 25 Ill.Ct.Cl. 234, 237.*

We find that Claimant has proven that Respondent failed to provide him with a safe environment in which to perform his assigned tasks. Prior to the occurrence Claimant had complained to supervisory personnel that the grinding wheel was badly worn and dangerous, but was ordered to continue working on the machine. The dangerous condition of the machine clearly appears on the face of the record, and it is equally clear that supervisory personnel in the prison machine shop had notice of the condition prior to Claimant's injury.

We also find that Claimant has established his

freedom from contributory negligence. This Court has recognized that an inmate of a penal institution is not ordinarily free to refuse to perform a task if he considers his working conditions unsafe. An inmate of a penal institution does not have the liberty of choice available to a person in private industry, and must work under conditions that are assigned to him. In *Moore v. State, 21 Ill.Ct.Cl. 282, at 290,* we said:

"Claimant, as a convict, was required to take orders, and carry them out. To refuse to do so would subject him to disciplinary action, and the forfeiture of his limited privileges, including prompt consideration for parole. Thus, he did not occupy a position of independence which a person outside a penitentiary occupies. His choice of action being limited, he, therefore, kept silent and did as he was ordered. In fact, he did not possess, under the circumstances in this case, the freedom of choice inherent in doctrines of assumed risk and contributory negligence."

Here it is clear that Claimant had no choice but to use the machine in question in its dangerous condition.

Claimant's injury occurred when the force of the machine pulled his right index finger into the gap between the metal guard and the grinding wheel while the machine was in operation. If the wheel had been replaced, or the metal guard was in a proper position, there would have been no gap and Claimant's injury would have been avoided. We therfore find that Respondent's negligence was the proximate cause of Claimant's injury.

As a result of being pulled into the machine, the fingernail and surrounding area of the Claimant's right index finger was crushed, and half of the nail on his finger was torn off. Claimant testified that the finger itself is stiff, and he has a difficult time using his right hand to screw nuts or bolts, or to use the tools of the the plumbers trade. He said he is hampered in his work as a plumber, and the finger is sensitive to cold.

Claimant is hereby awarded the sum of $1,500.00 as compensatory damages.