(No. 83-CC-148)

DOLPHUS HUGHES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion and order filed December 18, 1984.*

ROBERT M. HODGE, for Claimant.

NEIL F. HARTIGAN, Attorney General (LYNN SCHOCK, Assistant Attorney General, of counsel), for Respondent.

MONTANA, J.

Claimant, a former resident of Vienna Correctional Center, brought this action for personal injuries sustained by him on October 20, 1982, on the correctional center grounds when a block of ice injured his left hand.

The incident giving rise to his injuries occurred outside of the kitchen at the Vienna Correctional Center. Claimant, a 23-year-old man with no special skills and an eleventh grade education, was employed in the kitchen as a cook. On his day off, he was called into a kitchen office by Mr. Johnson and Mr. Hill, food supervisors and employees of the Department of Corrections, and ordered to unload an ice truck with five other inmates. When Claimant advised the prison personnel that he had no experience unloading an ice truck, he was told that it did not make "too much difference" because somebody would be there supervising. He and another inmate who

was in the office were then given cotton gloves and ice tongs. According to testimony, the tongs had handles on one end and metal semicircular "claws" on the other, which were dull and ineffective.

Claimant and four or five other inmates were then led to the back of the kitchen to the ice house by Mr. Hill. A correctional officer with a truck of ice was awaiting them. Each block of ice was three feet tall and weighed approximately 300 pounds. A wooden inclined ramp was placed at the back of the truck to the ice house. This ramp was a board which was two or three feet wide and had elevated sides made of two-by-fours to keep the blocks of ice from sliding off. Two men on the truck, using tongs, would position a block of ice at the head of the ramp and let it slide down. Two men stationed on the side of the ramp would steady the block of ice to prevent it from sliding into the ice house until the two men in the ice house were ready to receive it. Then, the two men in the ice house, with the assistance of the two men on the side of the ramp, would push the ice from the ramp into the ice house.

The only instruction the inmates received prior to unloading the ice was to "be careful." At first, Claimant just watched the unloading procedure, but was then told by Mr. Hill to help. Claimant stationed himself on one side of the ramp and had assisted in the unloading of four blocks of ice when the accident occurred. Claimant had his left hand resting on a block of ice waiting to move it into the ice house when a block of ice being held at the top of the truck broke away from their hold and slid down the ramp. Claimant's left hand was crushed between the block of ice he was holding and the one which slid down the ramp. Claimant pulled his hand out from between the blocks of ice and realized imme-

diately that it was seriously injured. He ran approximately one mile to the institution hospital, which immediately transferred him to a hospital outside the facility. The hospital took X rays and determined that Claimant had fractured his left long, ring and small fingers. All three of these fingers required sutures. Claimant's hand was bandaged by the hospital and he was sent back to the Vienna Correctional Center hospital, where he was given pain pills for a two-month period. Claimant was also told to exercise his fingers, which he did for a two-month period. An independent medical examination revealed that Claimant has a 22% impairment of his left ring finger and a 78% impairment of function of his left small finger. Evidence propounded by Claimant showed that future surgery may improve the range of motion in Claimant's small finger.

This Court finds that the evidence presented by Claimant clearly shows that the failure of the Department of Corrections to supervise the work of the inmates and to provide safe and adequate work tools were the proximate cause of the injuries to Claimant.

Respondent failed to produce any witnesses at trial or submit a brief although given more than ample opportunity to do so.

This Court finds that Claimant suffered great pain as a result of the accident and has suffered permanent injuries to his left ring finger and his small finger. However, the Court takes into account the fact that Claimant was contributorily negligent because he placed his left hand on the side of the block of ice where he knew or should have known it would be in danger of being hit by the next block of ice to slide down the ramp.

The Court finds that, due to Respondent's negligence, Claimant was damaged in the amount of $9,000, but that award should be reduced to $6,000 due to the negligence of Claimant.

It is therefore ordered that the Claimant be granted an award in the amount of six thousand dollars ($6,000).