(No. 86-CC-2271-)

SAMUEL STEWART, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 12, 1989.*

SAMUEL STEWART, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

BURKE, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner and this Court being fully advised in the premises,

Finds that on January 10, 1986, Claimant was an inmate at Pontiac Correctional Center. Claimant was assistant cook. He was burned on his arms by hot grease while he was attempting to loosen trays of meat which had become stuck in the oven.

On the above date, while cooking for the noon meal, Claimant placed some trays of chicken into the oven. The procedure was to place the meat to be cooked on trays, and the trays were then placed into the oven on shelves that rotated while the meat was being cooked. While Claimant was washing more chicken in preparation for cooking, another inmate placed some trays of hamburger into the oven. One of the trays was not properly placed, so that, while the shelf rotated, the tray caught on the oven door and caused the other trays and pans to jam up and stop the rotation, which is designed to operate in a vertical direction similar to a ferris wheel. Claimant was ordered by the kitchen supervisor to open the oven door and fix the problem. When Claimant opened the door, several trays of chicken fell onto the floor. Some trays remained jammed in the shelves above the door. Claimant's supervisor directed him to clean up the floor and remove the jammed trays. Claimant

cleaned the floor first. He then reached into the oven to try to release the jammed trays. He was dressed in a white tee-shirt and white pants. He was furnished with hot pads and heavy mittens to protect his hands, but he had no apron or other protective wear. He shook the trays to loosen them, and the entire shelf came loose. The grease which had gathered into the bottom of the trays spilled out onto Claimant's arms. Claimant was treated in the prison infirmary for his burns. He was not hospitalized. His wounds were treated with mild salve. He sustained two small round scars on his right arm and testified to discomfort that lasted two days.

The State owes a duty to the inmates of its penal institutions to provide them with safe conditions in which to perform the work assigned to them. (*Hughes v. State* (1984), 37 Ill. Ct. Cl. 251.) The supervisory personnel of the kitchen should have known that the oven presented a dangerous condition to Claimant, and because of the supervisor's order to remove the jammed trays in spite of the potential danger, Claimant was free from contributory negligence. *Reddock v. State* (1978), 32 Ill. Ct. Cl. 611.

It is therefore ordered that an award of $250.00 is hereby entered in favor of the Claimant, said award being in full and complete satisfaction of Claimant's complaint.