(No. 82-CC-1599–)

THOMAS TUCKER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 31, 1989.*

COOK, SHEVLIN & KEEFE, LTD., for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES C. MAJORS, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

Claimant, a former resident of the Menard Correctional Center, brought this action for personal injuries sustained by him on June 27, 1980, when he was thrown

from a tractor while working as a farmhand at that facility.

The incident giving rise to his injuries occurred on the farm grounds at the Menard Correctional Center. Claimant, a 33-year-old unmarried man with previous employment experience as a heavy equipment operator and a high school education, was assigned to work on the farm at Menard in June of 1980. Claimant had no previous experience of any kind doing farm work or operating farming equipment.

On June 27, 1980, Claimant reported to the farm office for work. Claimant and another inmate, Gary Eberwein, were assigned by Wayne McDonald, the farm superintendent, to take a tractor and spray weeds. Eberwein had been working on the farm for a year and had experience with the tractor and spraying operation. Eberwein was assigned to drive the tractor and Claimant was assigned to accompany and assist him in the operation. The location where the weeds were to be sprayed was several miles from the farm office, but on prison grounds. The equipment to be used was a John Deere 301 tractor with a large sprayer attached to the rear. The tractor is identified as a "construction tractor" and is generally used for work on farms. The tractor has a seat for the driver, fenders over the inside portion of the rear wheels, and a flat cover over the engine in front.

After Claimant was given his assignment, McDonald directed him to get on the tractor and ride with Eberwein over a road which he knew was in poor condition. Claimant inquired as to where he would ride on the tractor and McDonald directed him to sit on the front of the tractor and not stand on the rear. The only place to sit on the front of the tractor is on the immediate front of the engine cover, with feet resting on the axle

cover and facing forward. Claimant sat on the front of the tractor in this position. Eberwein then drove away from the farm office while McDonald watched them depart.

Claimant and Eberwein drove for about a mile, at 10 to 12 miles per hour, when the front wheel of the tractor hit a pothole in the roadway which caused Claimant to be thrown off the front of the tractor. The pothole was approximately two to three feet across and five to six inches deep, located in the middle of the road. Claimant saw the pothole as the tractor approached but did not warn Eberwein of its presence. Claimant landed on the road in front of the tractor and both the tractor wheels and the sprayer wagon wheels ran over him.

Claimant was taken to Chester Memorial Hospital where he was treated for a broken left arm and lacerations on his back. Claimant was released from Chester Memorial Hospital on July 8, 1980, and returned to the prison infirmary where he remained for two weeks. Claimant's back and left arm continued to cause him pain.

On July 24, 1980, Claimant was placed under the care of Dr. Philip George, an orthopedic surgeon living in St. Louis, Missouri. Dr. George repaired Claimant's fractured left arm by attaching a steel plate to the bone inside the arm at the point of fracture. As a result, Claimant has a permanent scar about 6″ long on the top of his left forearm. Claimant returned to the prison infirmary on August 4, 1980, where he remained in convalescence for two weeks. Claimant continued to experience pain in his left arm, back and legs, and was unable to perform any work. As a result of the accident, Claimant had also lost most of the muscle control over his bowels, he had pain and difficulty urinating, and he was unable to achieve an erection.

Claimant returned to Dr. George's care on October 6, 1980. Dr. George, assisted by Dr. Francis Walker, a neurosurgeon, performed a fusion on Claimant's back. Claimant was discharged on October 27, 1980, and returned to Menard where he continued to experience pain in his back and legs.

On October 11, 1980, Dr. George removed the metal plate from Claimant's left arm. In February of 1982, Claimant was discharged completely from the custody of the Department of Corrections.

In September of 1983, Claimant placed himself under the care of Dr. Joseph Hanaway of St. Louis because of continuing back pain and the presence of blood in his urine. Claimant was informed that his pain would continue regardless of what kind of medication was prescribed. Claimant did not return to Dr. Hanaway because he was unable to pay for additional services.

Claimant initially found employment as a cashier for an automobile parts store at $100 per week. The job lasted six months, and then the store went out of business. Claimant was unable to find employment throughout 1983. In 1984, Claimant earned $1,200 by delivering automobiles. In 1985, Claimant found employment as a part-time chauffeur at $100 per week.

Claimant continues to experience pain in his left leg. He cannot sit in one place or stand for long periods. Medicine has been prescribed, but he is unable to afford it. As a result of this accident, Claimant also remains unable to achieve an erection and is incontinent at least two or three times each week. When employed as a chauffeur, Claimant is limited to no more than two hours of continuous driving because of the pain in his left leg. In addition, Dr. George testified that Claimant will be permanently restricted from performing any heavy

lifting, repeated forward bending at the waist, twisting at the waist, climbing or squatting.

This Court has held that the State owes a duty to inmates of its penal institutions to provide them with safe conditions under which to perform their assigned work. (*Reddock v. State* (1978), 32 Ill. Ct. Cl. 611.) The State also owes a duty to an inmate to supervise his work and to provide safe and adequate equipment. (*Hughes v. State* (1984), 37 Ill. Ct. Cl. 251.) This Court finds that the evidence presented by Claimant clearly shows that the State breached these duties by requiring Claimant to ride on the tractor as his only transport to his job assignment over roads known to be poorly maintained. This breach constituted negligence which was the proximate cause of Claimant's injuries.

This Court finds that Claimant has suffered permanent injuries relating to his back and left left, incontinence and impotency. However, the Court takes into account the fact that Claimant was contributorily negligent by sitting on the front of the tractor and not warning the driver of the pothole which Claimant observed when he knew or should have known that the road was in a hazardous condition, which could cause him to be thrown from the front of the tractor.

This Court finds that, due to the State's negligence, Claimant was damaged in the amount of $150,000. However, Claimant must be considered equally responsible for his injuries and this Court must assess his contributory negligence at 50%, reducing the award to $75,000.

It is therefore ordered that the Claimant be granted an award of seventy-five thousand dollars ($75,000.00).