(No. 89-CC-0770–

WILLIE BURNS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 30, 1989.*

*Order filed November 2, 1990.*

WILLIE BURNS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ARLA ROSENTHAL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Burke, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein; due notice having been given the parties hereto and the Court being fully advised in the premises, the Court finds:

The Claimant has filed a complaint seeking recovery for loss of personal property. However, the Claimant has failed to exhaust his remedies, because he has not grieved his alleged loss before the Administrative Review Board of the Illinois Department of Corrections. The Claimant has failed to submit his grievance to the Administrative Review Board in the submitted time frame outlined in department Rule 504 F—1 section 504.810(a) which requires that a grievance shall be filed within six months of the discovery of the incident, occurrence, or problem which gives rise to the grievance or within six months of the receipt of a decision concerning an informal resolution thereof. Claimant discovered that his property was missing on December 24, 1987. However, he filed his grievance past the six-month deadline on July 15, 1988.

This Court has consistently interpreted the exhaustion of remedies to be an inescapable requirement. In

*Lyons v. State*, this Court stated that section 25 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations "quite clearly makes the exhaustion of remedies mandatory rather than optional." (*Lyons v. State* (1980), 34 Ill. Ct. Cl. 268.) The Court further stated that if the exhaustion of remedies requirements were waived, "merely because Claimant waited until it was too late to avail himself of other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all Claimants." (*Lyons*, 272.) This Court's interpretation of section 25 of the Act and section 790.60 of the Regulations clearly mandates that a Claimant must exhaust all remedies available to him and if he has missed the deadline for one such remedy he cannot recover in the Court of Claims because he still had failed to exhaust all available remedies.

The Claimant in the instant matter has failed to pursue his remedy at the Administrative Review Board because he filed past the statute of limitations. Section 790.90 of the Court of Claims Regulations mandates dismissal of all cases where Claimant has failed to comply with section 790.60.

It is therefore ordered that the Respondent's motion be, and the same is hereby granted, and the claim herein is dismissed with prejudice.

## ORDER

Burke, J.

This cause coming to be heard upon Claimant's motion to amend motion for relief from judgment and Respondent's motion to dismiss, all parties having notice and Court being fully advised in the premises, the Court finds:

The Claimant filed a complaint seeking recovery for loss of personal property. However, the Claimant failed to exhaust his remedies because he did not grieve his alleged loss before the Administrative Review Board of the Illinois Department of Corrections. The Claimant failed to submit his grievance to the Administrative Review Board in the submitted time frame outlined in department Rule 504 F—1 section 504.810(a) which requires a grievance to be filed within six months of the discovery of the incident, occurrence, or problem which gives rise to the grievance or within six months of the receipt of a decision concerning an informal resolution thereof. Claimant discovered that his property was missing on December 24, 1987. He filed his grievance after the six-month deadline on July 15, 1988.

This Court has consistently interpreted the exhaustion of remedies to be an inescapable requirement. This Court stated that section 25 of the Court of Claims Act and section 790.60 of the Court of Claims Regulations, "quite clearly makes the exhaustion of remedies mandatory rather than optional." (*Lyons v. State* (1980), 34 Ill. Ct. Cl. 268.) The Court further stated that if the exhaustion of remedies requirements were waived, "merely because Claimant waited until it was too late to avail himself of other remedies, the requirement would be transformed into an option, to be accepted or ignored according to the whim of all Claimants." (*Lyons*, at 272.) This Court's interpretation of section 25 of the Act and section 790.60 of the Regulations clearly mandates that a Claimant must exhaust all remedies available to him and if he has missed the deadline for one such remedy he cannot recover in the Court of Claims because he failed to exhaust all available remedies.

The Claimant in the instant matter failed to pursue his remedy at the Administrative Review Board because

he filed past the statute of limitations. Section 790.90 of the Court of Claims Regulations mandates dismissal of all cases where Claimant has failed to comply with section 790.60.

It is hereby ordered:

1. Claimant's amendment is allowed;

2. That the Respondent's motion be, and the same is hereby granted; and the claim herein is dismissed with prejudice.