(No. 92-CC-0447-▉▉▉▉▉▉

JOHNNY C. ROSS, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 25, 1994.*

JOHNNY C. ROSS, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (WENDELL DEREK HAYES, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

The Claimant, Johnny Ross, who is an inmate, seeks damages for personal injury from the State of Illinois. At the hearing on April 30, 1993, the State admitted that it was liable "for some amount."

The Claimant seeks damages in excess of $100,000 as compensation for injuries which occurred on August 7, 1991. At the time of his injury he was employed at the Danville Correctional Center as head cook on the night shift. It was his duty to prepare an evening meal to feed officers and late night crews. The Respondent's supervisor ordered the Claimant and another inmate to empty hot cooking oil from a recently-used deep fat fryer into a grease vat that was in back of the dining hall. The Claimant feared that the procedure would be dangerous, and advised both the Respondent's supervisor and the other inmate that this was dangerous and not necessary. As a prisoner, the Claimant had no choice but to obey orders. In performing the task, the Claimant sustained burns to his left hand through no fault of his own.

The State through its supervisor was made aware that the task required of the Claimant would be dangerous, and, yet, continued to order the work done. Therefore,

the State breached its duty to provide safe working procedures. (*Lee v. State* (1992), 44 Ill. Ct. Cl. 246.) The State is, thus, liable for the Claimant's injuries.

An examination of the Claimant's left hand by the Commissioner revealed that the skin color between the ring finger and the little finger on his left hand was splotchy. There were several small discolored areas on the outside of the top of his left hand, the largest of which appeared to be approximately a quarter of an inch to a half an inch in length and three-sixteenths of an inch in width. There were four or five other very small areas of discoloration on the lateral aspect to the back of the left hand. Neither the fingers or the hand appeared to be distorted or scarred in such a way as to change the configuration of the fingers.

The Claimant contended that the injury continued to cause him functional problems with the hand. He testified that he suffers from "slight arthritis occasionally" in his hand. The Claimant also stated that he had been treated for arthritis, and had, at one time, been given a ball to squeeze. He testified that occasionally his hand is a little numb or tingling "basically when the weather gets kind of really bad." At the time of the hearing, his assignment was as a porter who mops and sweeps the floors and empties wastebaskets, which required the repetitive use of his hands. He testified that this work sometimes causes him problems, and when he types the fingers are numb.

The Claimant was treated for his injury from August 8, 1991, through September 16, 1991. At the hearing, he contended that his hand "jingles" and contended that it was hard for him to hold the hand straight, although that condition was not observable by the Commissioner at the hearing. At the hearing, the Claimant complained that there was a difference between his left hand and his right hand which could not be observed by the Commissioner.

The Claimant testified that at the time of the hearing he was experiencing "little neurological feelings" described as "occasional jitters" which could not be observed by the Commissioner at the hearing. He also testified that he had complained that his left hand fell asleep. The Claimant testified that doctors prescribed Naprosyn for the hand, but that had since been discontinued. The Claimant fears that he will not be returned to society as a cook or later promoted to a chef because his left hand falls asleep occasionally and his hands would go numb while "working basically with icing sculptures."

Upon cross examination, it was determined that the Claimant could flex his hand, make a fist and move his wrist up and down and from left to right. He could move one finger at a time and hold on to a ball. He was a right-handed person.

At the conclusion of the hearing, the Claimant commented that it was not his position that he could no longer fully use his left hand. Yet, the Claimant contends that he has sustained a light case of arthritis and fatigue.

The Claimant incurred no medical expense. Other than discoloration of his left hand, there is no evidence of any permanent injury or disability other than the Claimant's own description of the problems he has with the hand.

Although the admission by the assistant Attorney General at the hearing that the State agreed that it was liable for some amount was an unusual action, the Claimant's testimony as to the facts and circumstances of the accident strongly support a finding of liability without regard to the State's admission.

We find that the Claimant is entitled to an award for pain and suffering, discoloration of his hand, and a very

slight disability of his left hand, all of which we will value at $3,500. We find the Claimant's contention that he would not be able to work as a chef because he could not do food decorating to be speculative, therefore we will make no award for future loss of income. It is therefore ordered that the Claimant is awarded $3,500 in full and complete satisfaction of this claim.