(No. 87-CC-0070—

EDWARD COOPER, Claimant, *v.* THE STATE OF ILLINOIS and ILLINOIS DEPARTMENT OF CORRECTIONS, Respondents.

*Opinion filed July 3, 1995.*

*Order on petition for rehearing filed February 7, 1996.*

STEINBERG, POLACEK & GOODMAN (MARICAROL LACY, of counsel), for Claimant.

JIM RYAN, Attorney General (RICHARD J. KRAKOWSKI, Assistant Attorney General, of counsel), for Respondents.

## OPINION

RAUCCI, J.

This claim is brought by Edward Cooper, former inmate of Vandalia Correctional Institution, for injuries he sustained on July 17, 1984, while performing his work in the prison kitchen. A hearing was held before the Commissioner.

The facts adduced at trial are as follows:

Claimant, Edward Cooper, appeared and testified that, in July, 1984, he was an inmate at Vandalia Correctional Center. On the evening of July 17, 1984, at approximately 10:45 p.m., Claimant reported to the kitchen for his work assignment as head cook. The Claimant described a large kitchen area and dining room with an adjacent dish-washing room. The dish-washing room was approximately 12 feet by 18 feet.

As the inmate's evening work began, other members of the kitchen crew removed the left-over potatoes and gravy from the steam table and brought the trays into the dish-washing area. At the same time Claimant was engaged in the preparation of the breakfast meal.

Some time later, as Claimant was preparing to put out the breakfast food, Claimant removed two pans from the steam table.

He described the pans as three feet wide and two feet high. He stacked the pans one inside the other and carried them in front of his body to the dish-washing room. The Claimant's actions were part of his regularly assigned duties.

As Claimant entered the dish-washing room, he was unable to see the area directly in front of him because the view was blocked by the pans. Claimant did, however, observe that the floor to both his left and right was clean. Claimant approached the slop sink and slipped and fell in what he described as greasy, soapy water with potatoes in it.

Claimant testified that he injured his right biceps and the little and ring fingers on his left hand. Claimant was transported to the hospital infirmary where he was treated with physical therapy and a splint was applied to his finger. Claimant testified that the supervisor on duty the evening of the incident was Eddie Dean, a member of the Illinois Department of Corrections personnel. Claimant stated that during all relevant times, Dean was seated at a table at the far end of the dining room from the dish-washing room. He further stated that, from where the supervisor was seated, it would have been impossible for Dean to see into the dish-washing room.

Approximately two or three weeks following the incident, Claimant returned to work on "light duty." He was restricted from lifting any pots or pans.

Following his release from Vandalia Prison, he was examined and treated by Dr. Treister.

Claimant testified that he still has limited ability to use his right arm and experiences pain. He further testified that he cannot close his left hand all the way and he experiences discomfort in his hand when he tries to use it.

Eddie Dean was called to testify. He stated that he was employed as a food service manager at Vandalia Prison on the date of the incident. He testified that his responsibilities included inspection of the kitchen area and, in the event he discovered a mess, he would instruct an inmate to clean it up. He also testified that, in the normal course of business, the food service manager typically inspected the work areas every 30 minutes and a failure to inspect that frequently would be a violation of his job responsibilities.

Dean testified that he did not have any recollection of whether or not he was working at the time of the incident and offered no testimony in regard to the specific details of the incident.

Despite Dean's inability to recall the incident, the State admitted that he was the food service manager at the time of the Claimant's accident and that he was the party responsible for inspecting and removing any dangerous conditions in the area of the prison kitchen.

The parties stipulated to the use of the evidence deposition of Galen Smith. Smith testified that, on the date of the incident, he was employed as a kitchen supervisor at Vandalia Prison. He confirmed that the kitchen supervisor was responsible for making a regular visual inspection of the kitchen area at least every 30 minutes and that it was the sole and exclusive responsibility of the kitchen supervisor to correct any dangerous condition he discovered.

Smith testified that he had no recollection of the specifics of the incident and did not recall whether or not he was working at the time.

The parties also stipulated to the use of the evidence deposition of orthopedic surgeon Dr. Michael Treister, M.D., dated July 7, 1994. Dr. Treister's examination of the Claimant on May 23, 1985, revealed a ruptured right biceps tendon which resulted in a loss of right arm strength and a 50 percent loss of range of motion, in addition to a cosmetic deformity, a small concavity or hole in the biceps. The doctor described the biceps injury as causing significant loss in moderate to heavy lifting and also as causing limitations in holding utensils and performing personal hygienic functions. The injury was classified by the doctor as painful and permanent.

The doctor also observed a fracture to the left small finger and a dislocation of the joint in the left ring finger. The finger injuries have resulted in limitation of his ability to close his hand completely. The doctor described nuisance and stiffness.

The doctor testified that he believed all three of the injuries were causally related to the Claimant's fall on July 17, 1984. He further determined that there is no available treatment for any of the injuries. Claimant's medical charges totaled $166.

The Court has repeatedly held that the Department of Corrections owes a duty to inmates of its penal institutions to provide them with safe conditions under which to perform their assigned work. (*Hammer v. State* (1987), 40 Ill. Ct. Cl. 173, 175; *Reddock v. State* (1978), 32 Ill. Ct. Cl. 611.) The State also has a duty to supervise the work of inmates. *Lee v. State* (1992), 44 Ill. Ct. Cl. 246, 249.

On the evening of the incident, the Claimant was acting within the scope of normal procedure when he

carried the pans from the steam table into the dish-washing area.

The testimony of correction employees Dean and Smith established that the kitchen supervisor is required to visually inspect the work areas at least every 30 minutes. The Claimant's undisputed testimony was that Dean was the kitchen supervisor on the date of the incident. Claimant stated that Dean sat at a table in the dining room from approximately 10:45 p.m. until the time of the incident, approximately one to two hours later, without making any inspections of the dish-washing areas. Claimant further testified that it was not possible to see into the dish-washing area from Dean's position in the dining room.

The Respondent stipulated that Dean was the kitchen supervisor at the time of the incident and that he was the person responsible for inspecting and directing clean up of any of the kitchen staff's work areas. Dean testified that he had no recollection of the incident. The respondent did not offer any testimony or evidence to establish that any inspections of the dish-washing area had been made.

The Respondents' failure to visually inspect and provide for the clean up of the dish-washing room floor clearly establishes a breach of their duty to Claimant to provide a safe workplace.

The Claimant's undisputed testimony further established that the spillage from the dish-washing staff was the cause of his fall and that fall was the proximate cause of his injuries.

The testimony of both Claimant and Dr. Treister established that Claimant suffered injury to his right arm and his left hand's small and ring fingers. The injury to his

right arm has resulted in permanent loss of strength, limited his lifting ability, and caused a physical deformity in the form of a small hole in his biceps. Claimant's left hand was in a splint for several weeks. The injury has limited the strength in his hand and resulted in his inability to make a fist. Dr. Treister testified that Claimant's injuries could not be treated and are permanent.

The facts, however, do not support Claimant's request for an award in the amount of $100,000.

The Claimant received medical bills in the amount of $166. Considering the Claimant's pain and suffering and the permanency of the injury, Claimant should be awarded $6,000 in addition to his medical expenses for a total award of $6,166.

It is therefore ordered, adjudged and decreed that Claimant is awarded $6,166 in full and complete satisfaction of this claim.

## ORDER

RAUCCI, J.

This cause coming to be heard on the Respondent's petition for rehearing, the Court being fully advised in the premises, finds:

1. On July 3, 1995, we entered an opinion awarding Claimant $6,166.

2. On August 22, 1995, Respondent's petition for rehearing was filed.

3. Our Rule 220 (74 Ill. Adm. Code 790.220) provides that a petition for rehearing shall be filed within 30 days of the filing of the opinion.

4. The Respondents' petition for rehearing is not timely filed.

125

ORDERED: The Respondents' petition for rehearing is denied.