(No. 87-CC-2098-)

WILLIAM RICKETTS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1995.*

G. EDWARD MOORMAN, for Claimant.

JIM RYAN, Attorney General (NUVIAH SHIRAZI, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

William Ricketts, the Claimant, is a licensed plumber. He asserts that he was injured while working as a plumber at the East Moline Correctional Center. Mr. Ricketts was a resident of the Department of Corrections at that time. The accident which he alleges caused his injuries occurred on August 18, 1986. At approximately 11:30 a.m. on that day, Mr. Ricketts was performing plumbing work at the institution. He was instructed by the department's plumber to clear a clogged drain underneath the kitchen area of the facility. Mr. Ricketts was instructed to use a six and one-half foot tall aluminum scaffold that had a platform measuring four by six feet. The scaffold had no railing.

After inserting a device into the pipe, the clog came loose. The clog struck Mr. Ricketts, causing him to either step back or be pushed back off the scaffold. Mr. Ricketts suffered a fracture to the distal portion of his left tibia, or

lower left leg near the ankle. After the fall, Mr. Ricketts went back to his room, and then to the infirmary. He was examined by a nurse at the infirmary, and given an ace bandage and oral analgesics. He was told to elevate his leg and put ice on it.

About three hours later, Ricketts was still experiencing pain and returned to the infirmary. He was admitted on this occasion. On August 20, 1986, Ricketts was seen by a physician and then taken to the Illini Hospital in Silvis, Illinois. An x-ray taken there showed that the leg was broken. Mr. Ricketts' leg was put in a cast. Approximately six weeks later, the cast was removed and Ricketts was given whirlpool treatments. He has not sought medical treatment since. Although it is uncontradicted that the left leg was broken. Ricketts testified that his right leg was injured, and that he suffered and continues to suffer from pain in that leg. He additionally indicated that the pain moved from the leg to the hip.

Ricketts is seeking $10,000 for the nature, extent and duration of the injury, $10,000 for pain and suffering, $15,000 for disability and $5,000 for physical defect. At the hearing of this cause before Commissioner of this Court, Ricketts testified and presented photographs of the scaffolds and pipes in question. He also presented medical records which were submitted into evidence.

The Respondent called the supervisor of maintenance personnel at the East Moline Correctional Center. He testified to the dimensions of scaffolding, and stated that he had no notice of any unsafe condition. He also stated that the scaffold used complied with the Illinois Department of Corrections rules and regulations for safe structural devices to be used by inmates.

On cross-examination, however, the supervisor testified that it was known that the force of fluid or clog from

a drain might cause a person to step back or move if struck by the fluid or clog.

The Respondent also called Virginia Dusay, a registered nurse with the correctional center. She testified as to the treatment received by Ricketts. Ricketts submitted a memorandum of law subsequent to the trial. The Respondent submitted neither a memorandum nor a brief. Counsel for the Respondent mentioned compliance with Federal OSHA regulations, but did not submit such regulations to the Court.

Ricketts contends that the negligence of the Respondent was the direct and proximate cause of the accident, because the Respondent failed to supervise repairs of the clogged drain, failed to provide a safe place for the Claimant to work, and failed to provide sufficient safety devices to protect the Claimant from injury as a result of the fall. The Respondent submitted three affirmative defenses, claiming in part that either the Claimant was negligent, or contributorily negligent.

It is a matter of law that the State of Illinois owes a duty to inmates of its penal institutions to provide them with safe conditions under which to perform their assigned work. In order to recover in this action, the Claimant bears the burden of proving, by a preponderance of the evidence, that the State breached its duty of care, and that the negligence of the State was the proximate cause of his injury. For the State to breach its duty of care, it must have notice of a dangerous condition prior to the Claimant's injury. *Reddick v. State* (1978), 32 Ill. Ct. Cl. 611.

An inmate of a penal institution is not ordinarily free to refuse to perform tasks assigned to him if he considers the working conditions unsafe. An inmate does not have the liberty of choice available to a person in private industry, and must work under conditions that are assigned to

him. Furthermore, Ricketts does not necessarily have to prove that he affirmatively requested that the dangerous condition be remedied, if it can be shown that precautions were inadequate, and the condition was known and recognized by those in charge of safety and supervision. *Burns v. State* (1982), 35 Ill. Ct. Cl. 782.

Ricketts has shown that the Respondent has breached his duty of care in this case by instructing him to perform work on a scaffold with no railing. The supervisor of maintenance knew that it was likely that a clog in the drain could break free before the Claimant could safely step away, and that being hit by a clog or fluid would cause him to step back on a scaffold that had no railing. Considering that the scaffolding is only four feet wide, it is reasonably foreseeable that this could result in an individual falling from a scaffold.

There is no evidence that the Claimant was negligent in any way. Ricketts, an experienced plumber, testified to the normal procedures for clearing a clogged drain and stated that he followed those procedures. He further testified that normally a drain clog does not become dislodged until the plumber pulls the snake out of the drain, after having stepped out of the way. In this instance, the clog became dislodged unexpectedly soon. There was no evidence that this occurred as the result of any action taken by Ricketts. Ricketts further testified that he felt that if he refused to perform an assigned job, he might be subject to disciplinary action. As is apparent in *Burns*, cited above, the Claimant does not have to prove that he affirmatively requested that a scaffold with a railing be used, since he has shown that precautions were inadequate, and that the condition was known and recognized by those in charge of safety and supervision.

There is no doubt that the negligence of the Respondent was the proximate cause of this injury. There is some

confusion on the part of the Claimant about which leg was broken. This misstatement does cast doubt about the testimony from the Claimant regarding the current problems suffered as a result of the fall. Therefore, we award the Claimant $2,000 for the nature, extent and duration of the injury, and $4,000 for pain and suffering, for a total award of $6,000.