(No. 96-CC-4421–█)

ROBERT DEAVERS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 22, 1999.*

SCHOENFIELD, SWARTZMAN & MASSIN (RICH SCHOENFIELD, of counsel), for Claimant.

JIM E. RYAN, Attorney General (EDWARD C. SEWARD III, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MITCHELL, J.

The Claimant, Robert Deavers, was an inmate at Graham Correctional Center, Hillsboro, Illinois. On September 27, 1995, he was working in the prison factory, operating the rip saw. He was feeding wood boards into the machine when wood shot back out of the saw at him, striking his left thumb and knocking the glove off his left hand. A piece of wood the size of a pencil went through Deavers' left thigh.

He was taken to Hillsboro Hospital Emergency Room where the doctor treated his thigh, stated that his thumb was not broken, sewed on the torn-off thumbnail and splinted the thumb. Subsequently, Deavers was transferred to Robinson Correctional Center where the doctor examined his thumb and stated that there was a comminuted fracture of the distal phalanx and surgically pinned the thumb. The doctor said that his thumb should have been pinned at Hillsboro Hospital. The thumbnail eventually grew in two pieces and repeatedly grew into

Deavers' skin causing him chronic pain. His left thumbnail was removed during an operation in August of 1998 to prevent these problems.

Deavers filed a complaint on June 18, 1996, for $100,000. The complaint charged that Respondent carelessly and negligently:

1. Had the Claimant operate a rip·saw with a blade which was larger than the blade called for in the specifications, a missing balance weight and bad bearings.

2. Failed to inspect and maintain the machine.

3. Failed to provide Claimant with proper training or warnings.

A hearing was held before this Court on October 8, 1998. Deavers was the only witness at the trial. The other testimony was presented through evidence depositions.

Doug Hickman was the inmate who maintained the rip saw and all the other machines since July of 1993. He graduated from Eastern Illinois University with a Bachelor of Arts degree with a concentration on industrial maintenance. Hickman inspected the rip saw once a month, checking the V-belts, blade (to see whether it needed cleaning or replacing with a sharp blade) and other items, including the anti-kickback fingers. These fingers are designed to keep a board which is being cut from being thrown back at the operator. As part of the design of the saw, the fingers did not go all the way down to the table where the wood sits while it is cut—there is a small gap which would allow a small piece of wood to be thrown back toward the operator. It is because of this possibility that all operators, including Deavers, were instructed not to stand immediately behind the saw when operating it. No saw is 100 percent safe. Any saw or

power tool can throw a piece of wood back toward the operator. Any wood that has a knot or a split or crack can split and shatter. There were incidences before and after Deavers' accident when small pieces of wood were shot back at operators. The saw was in fairly constant use (cutting thousands of board feet per day) from 1984 to 1997 when it was replaced by a newer model. There were no major modifications or changes made during those years. Hickman inspected the saw immediately after Deavers' accident and found nothing mechanically wrong with the machine or blade. There is no balance weight in this rip saw and only one size blade which would fit the saw.

This Court held in *Douglas v. State* (1989), 41 Ill. Ct. Cl. 29, 34:

"The State owes a duty to an inmate of its penal institutions to provide that inmate with safe conditions under which to perform the work assigned to him (*Reddock v. State* (1978), 32 Ill. Ct. Cl. 611); a further duty to supervise the work of an inmate and to provide safe and adequate work equipment. *Hughes v. State* (1984), 37 Ill. Ct. Cl. 251."

As noted in *Cintron v. State* (1995), 95-CC-2407, this Court has previously held that for a Claimant to win an injury suit against the State, he must establish by a preponderance of the evidence that the State owed him a duty, the duty was breached and that said breach was the proximate cause of the Claimant's injury. (*Ramos v. State* (1992), 44-CC-0042; *Starks v. State* (1992), 45-CC-0285.) While the State owes a duty of protection to its prisoners and must exercise reasonable care toward them, the State is not an insurer of their safety. *Starks v. State*.

Doug Hickman testified in his evidence deposition that the rip saw machine had been used constantly for 13 years without major change, modification or accidents involving medical care, and with monthly inspections and appropriate cleaning, etc. He stated the somewhat obvious fact that no saw or power machine is 100 percent

safe. Pieces of wood can be thrown back at the operator if there is a knot or flaw in the wood. Deavers acknowledged that he had received training on the machine and a warning to not stand immediately behind the machine when operating it. Hickman examined the machine after the accident and found nothing mechanically wrong with the machine or blade.

Claimant has failed to produce sufficient evidence to support any alleged breach of duty by the Graham Correctional Facility or by the Graham staff. Therefore, the claim is denied.